IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                                No.   94-40017-01-SAC

JESSIE AILSWORTH, JR.,

          Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's petition for a writ of audita querela pursuant to the 28 U.S.C. § 1651. (Dk. 946). Mr. Ailsworth seeks a writ that would vacate the court's order that reduced his sentenced term of supervised release from ten to five years but denied the balance of his motion for relief under 28 U.S.C. § 2255. *United States v. Ailsworth*, 2002 WL 31314798 (D. Kan. Aug. 28, 2002) (Dk. 901).[1] Mr. Ailsworth contends that in 2002 when his term of supervised release was reduced because the government conceded error with the 21 U.S.C. § 851 enhancement, he also was entitled to resentencing under the prevailing law of *Apprendi v. New* Jersey, 530 U.S. 466 (2000). From this flawed premise, Mr. Ailsworth concocts the untenable argument that, "[b]y not conducting a resentencing this Court effectively resentenced Ailsworth to an

---

[1] The amended judgment lowering the term of supervised release was entered on September 12, 2002. (Dk. 903).

unconstitutional sentence." (Dk. 946, p. 2). Thus, he now seeks resentencing under the current advisory sentencing guidelines that include the 2010 crack cocaine amendments to the drug quantity tables. (Dk. 946, pp. 7-8).

This brief background explains the context for Mr. Ailsworth's latest attempt to find relief under *Apprendi v. New* Jersey, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), and the crack cocaine amendments to the sentencing guidelines. Convicted after a jury trial on several counts of drug trafficking offenses, the presentence report ("PSR") recommended a finding of 12 kilograms of cocaine base attributable to the defendant. The court overruled the defendant's objections to this drug quantity finding, followed the sentencing guidelines that were mandatory at the time, and sentenced the defendant to 360 months' imprisonment. Mr. Ailsworth's direct appeal was unavailing, *United States v. Ailsworth*, 138 F.3d 843 (10th Cir. 1998), so he filed a timely petition for relief under 28 U.S.C. § 2255. (Dk. 861).

The court denied the petition for relief but reserved the issue of the government's failure to provide § 851 notice that impacted only Mr. Ailsworth's term of supervised release. (Dk. 893). Prior to the scheduled evidentiary hearing, the government filed a motion to reduce Mr. Ailsworth's term of supervised release, and the defendant's only response was to request a continuance of the evidentiary hearing. Mr. Ailsworth also sent a letter to the

2

court asking to argue this matter in person. The court granted the government's motion, denied the request for a continuance, and also denied the additional relief requested in Mr. Ailsworth's personal letter, noting:

> Though represented by an attorney in this proceeding, the defendant wrote the court a letter saying he had instructed counsel to request that he be present at the evidentiary hearing. In the letter, the defendant argues the prior conviction that is the subject of the required § 851(a)(1) notice was used to enhance his term of imprisonment. . . . As for the additional matter raised in his letter, the court's order decided this argument: "The defendant's term of custody was not enhanced as a result of any prior convictions subject to § 851 notice." (Dk. 893, p. 7 n.1). "The defendant's term of incarceration was not enhanced by reason of a prior conviction, because the enhanced statutory minimum and maximum did not affect the guideline sentence that was imposed." *Id.* at 7. "The only part of the defendant's sentence affected by a prior conviction that would trigger the § 851 notice requirement was the term of supervised release." *Id.* The court denies the defendant any additional relief requested in his letter dated July 23, 2002.

(Dk. 901, p. 2, n.1). The Tenth Circuit denied Mr. Ailsworth a certificate of appealability finding no error in how the district court addressed the § 851 issue:

> Second, as the district court explained in footnote 1 of its order granting relief on the § 851 issue, Mr. Ailsworth's presence was unnecessary because the issue was fully briefed by his counsel and the government, his presence could offer no assistance to the court, and the court had previously explained that only Mr. Ailsworth's supervised release, not his term of custody, had been enhanced pursuant to § 851 because of a prior conviction. Rec., vol. I, doc. 901 at 2 n.1. The district court corrected the supervised release term, reducing it from ten years to five years. The court did not err in denying Mr. Ailsworth's request [to be present].

(Dk. 923, pp. 3-4). Mr. Ailsworth then petitioned for writ of certiorari, but the Supreme Court denied his petition. (Dk. 926).

3

Mr. Ailsworth petitions the court under the All Writs Act asking for a writ of audita querela that would result in a resentencing. Common-law writs are "an extraordinary remedy" that are "not to be granted in the ordinary case." *United States v. Denedo*, 556 U.S. 904, 917 (2009) (internal quotation marks and citation omitted). To be eligible for such relief, Mr. Ailsworth must prove the following: 1) that he was diligent in bringing his claim; 2) "that other remedies are unavailable or inadequate"; and 3) "that the underlying . . . error was fundamental, meaning the error resulted in a complete miscarriage of justice." *United States v. Thody*, 460 Fed. Appx. 776, 778, 2012 WL 375528, at *2 (10th Cir. 2012) (citing *United States v. Morgan*, 346 U.S. 502, 511–12 (1954); *Embrey v. United States*, 240 Fed. Appx. 791, 793–94 (10th Cir. 2007)).

"[A] writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Torres*, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002) (internal quotation marks and citations omitted); *see United States v. Watkins*, 440 Fed. Appx. 643, 645, 2011 WL 4599702 at *2 (10th Cir. 2011). "[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *United States v. Torres*, 282 F.3d at 1245 (citations and internal quotation marks omitted). "As a federal prisoner, his exclusive remedy to challenge the

validity of his sentence is provided under § 2255, unless he can show that remedy would be inadequate or ineffective." *United States v. Silva*, 423 Fed. Appx. 809, 811, 2011 WL 1880981 at *1 (10th Cir. 2011). "The fact that he must surmount procedural hurdles to bring a successive § 2255 petition does not make the § 2255 remedy inadequate or ineffective." *Silva*, 423 Fed. Appx. at 811 (citing *Sines v.* Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 997 (2011), and quoting "[T]he remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions.")

Mr. Ailsworth argues his requested relief was unavailable in 1994 when he was sentenced and also was unavailable when the court decided his first 28 U.S.C. § 2255 motion and failed to resentence him. He complains that filing restrictions on successive § 2255 motions makes such relief unavailable to him. As cited above, the Tenth Circuit has rejected repeatedly the argument that the procedural restrictions on successive § 2255 motions do not make that remedy ineffective or unavailable. Thus, there is no valid reason why § 2255 is an inadequate or ineffective remedy to challenge Ailsworth's sentence. Indeed, his initial § 2255 motion proceedings included a challenge to the procedural regularity of the court reducing his supervised release term outside of his presence and without also reducing his term of incarceration. Those matters were denied in that proceeding and on appeal. His current petition simply

5

rehashes this procedural challenge. He fails to show how his judgment of conviction amended after the initial § 2255 proceeding is now infirm because of matters arising after it was rendered. To the extent that he is making any new procedural challenge to his sentencing, Mr. Ailsworth must raise it under § 2255 as a successive motion.

Mr. Ailsworth has not sought prior authorization from the Tenth Circuit for his successive § 2255 motion. 28 U.S.C. § 2244(b)(3). The disguise of seeking an extraordinary writ will not enable Mr. Ailsworth to skirt this requirement. "'A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.'" *United States v. Muldrow*, 373 Fed. Appx. 903, 2010 WL 1707994 at *1 (10th Cir. Apr. 28, 2010) (quoting *United States v. Valdez–Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001)). In this situation, the district court either "may transfer the matter to . . . [the Tenth Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C. § 1631], or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). In exercising this discretion, the court considers such factors as whether "the claims are likely to have merit, . . . [whether] the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo v. Williams*, 465

F.3d 1210, 1223 n. 16 (10th Cir. 2006) (internal quotation marks and citations omitted). Because the defendant's most recent filing frivolously rehashes a procedural challenge denied in the initial § 2255 proceeding, the court will dismiss the motion for lack of jurisdiction instead of transferring it.

IT IS THEREFORE ORDERED that because Mr. Ailsworth's petition for a writ of audita querela pursuant to the 28 U.S.C. § 1651 (Dk. 946) is an unauthorized second or successive § 2255 motion, the petition/motion is dismissed for lack of jurisdiction.

Dated this 14th day of November, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge