IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                     No. 94-40017-01-SAC

JESSIE AILSWORTH, JR.,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion (Dk. 948) to have the court reconsider its order (Dk. 947) that denied his petition for a writ of audita querela pursuant to the 28 U.S.C. § 1651 (Dk. 946). Mr. Ailsworth argues the court failed to address the miscarriage of justice in having him serve a thirty-year sentence that "has become illegal as a result of a change in the law." (Dk. 948, p. 4). The defendant maintains that because the court's sentence here was based on a relevant conduct finding that exceeded the jury's drug quantity finding it would be illegal under recent Supreme Court decisions.

A writ of audita querala is not a remedy available to a petitioner for whom other remedies exist, such as a motion under 28 U.S.C. § 2255. *United States v.* Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). When attacking the validity of his sentence, a federal prisoner's exclusive remedy exists under § 2255, "unless he can show that remedy would be inadequate or ineffective."

*United States v. Silva*, 423 Fed. Appx. 809, 811, 2011 WL 1880981 at *1 (10th Cir. 2011). Mr. Ailsworth argues § 2255 relief was unavailable to him since he was sentenced before the Supreme Court decision in *United States v.* Booker, 543 U.S. 220 (2005). This argument is flawed in that the plaintiff did seek § 2255 relief under *Booker*, and the Tenth Circuit found that *Booker* was "not retroactive to cases on collateral review." (Dk. 928, Tenth Circuit's Order of January 31, 2006, p. 2). Thus, the remedy was available for him to assert, but he was not entitled to any legal relief.

That Mr. Ailsworth regards his 30-year sentence to be a miscarriage of justice is not a ground for reconsideration. His sentence was affirmed on direct appeal, and only his term of supervised release was modified in his § 2255 proceeding. The Tenth Circuit dismissed his § 2255 appeal denying him a certificate of appealability and also denied him permission to pursue a successive § 2255 motion based on a *Booker* contention. Even relying on the jury's drug quantity finding of 33.81 grams of cocaine base, the court's sentence did not rely on any statutory minimums, and it did not exceed the authorized statutory maximum set forth in 21 U.S.C. § 841(b)(1)(B) (1994) (statutory maximum sentence of 40 years for 5 grams or more of cocaine base). Mr. Ailsworth's arguments over the legality of his sentence and any resulting miscarriage of justice are not based on any viable legal authorities. Presented with no intervening change in the controlling law

or need to correct clear error or to prevent manifest injustice, the court is without cause to reconsider its order.

IT IS THEREFORE ORDERED that Mr. Ailsworth's motion (Dk. 948) to have the court reconsider its order (Dk. 947) that denied his petition for a writ of audita querela pursuant to the 28 U.S.C. § 1651 (Dk. 946) is denied.

Dated this 5th day of December, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge