IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

Vs.                                                    No.   94-40017-01-SAC

JESSIE AILSWORTH, JR.,

Defendant.

MEMORANDUM AND ORDER

The defendant, Jessie Ailsworth, Jr., petitioned the district court
for a writ of audita querela. (Dk. 946). The court denied the petition as
subsumed by 28 U.S.C. § 2255 and explained that "[t]o the extent that he is
making any new procedural challenge to his sentencing, Mr. Ailsworth must
raise it under § 2255 as a successive motion." (Dk. 947, p. 6). Because Mr.
Ailsworth had not sought prior authorization from the Tenth Circuit for a
successive § 2255 motion and because this filing "frivolously rehashe[d] a
procedural challenge denied in the initial § 2255 proceeding," the court
dismissed the motion for lack of jurisdiction. *Id.* at 7. The court then denied Mr.
Ailsworth's motion to reconsider. (Dk. 949).

The court is now in receipt of the Tenth Circuit's letter to Mr.
Ailsworth indicating the district court would decide whether to grant a
certificate of appealability. (Dk. 952). Insofar as the district court's order
denied the petition for writ of audita querela, a certificate of appealability

would not be required. *United States v. Montano*, 442 Fed. Appx. 412, 413 n.1 (10th Cir. 2011) (citing *United States v. Valadez–Camarena*, 402 F.3d 1259, n.1 (10th Cir.2005). But by also recharacterizing the petition as arising under § 2255, the district court also must address Rule 11 of the Rules Governing Section 2255 Proceedings that requires a decision on whether to issue or deny a certificate of appealability upon entering a final adverse order. Such a certificate "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). As the court's prior ruling plainly shows, no reasonable jurist would debate that the defendant's arguments should have been resolved differently or that the issues are worthy of more consideration. The court will not issue a certificate of appealability for this order.

Mr. Ailsworth also moves the court for leave to proceed in forma pauperis ("IFP") on appeal. (Dk. 953). The court denies leave to proceed IFP, as it finds that Mr. Ailsworth has not presented a reasoned, nonfrivolous argument on the law and facts in support of the issues to be raised on appeal. Thus, Mr. Ailsworth's appeal is not taken in good faith. See 28 U.S.C. §

1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). *See Knox v. Morgan,* 2012 WL 5835089, at *1 -*2 (10th Cir. 2012).

IT IS THEREFORE ORDERED that no certificate of appealability will issue on Mr. Ailsworth's application (Dk. 950) as he has not made a substantial showing of the denial of a constitutional right;

IT IS FURTHER ORDERED that Mr. Ailsworth's motion for leave to proceed in forma pauperis on appeal (Dk. 953) is denied without prejudice to the filing of a motion seeking leave to proceed in forma pauperis on appeal in the United States Court of Appeals for the Tenth Circuit.

Dated this 23rd day of January, 2013, Topeka, Kansas.


s/ Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge